**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40384
c/w No. 04-40386
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO GONZALEZ-LOPEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:00-CR-272-1
USDC No. 5:03-CR-1553-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Mario Alberto Gonzales-Lopez (Gonzalez), appeals the 57-month sentence imposed after he pleaded guilty to one count of illegal reentry into the United States. See 8 U.S.C. § 1326. Gonzales abandons his appeal from the revocation of supervised release that arose from the illegal reentry. See United States v. Willingham, 310 F.3d 367, 371 (5th Cir. 2002) (issues not briefed on appeal are abandoned).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez contends that 8 U.S.C. § 1326(b) is unconstitutional and that this court should vacate his sentence and remand his case for resentencing to no more than two years in prison under § 1326(a).  As he concedes, this contention is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

Gonzalez also contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the federal sentencing guidelines prohibited by United States v. Booker, 125 S. Ct. 738, 756-57, 769 (2005).  We review for plain error.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).  Although there was an error under Booker, Gonzalez fails to "demonstrate a probability sufficient to undermine confidence in the outcome . . . that the district judge would have imposed a different sentence" under advisory guidelines.  Valenzuela-Quevedo, 407 F.3d at 733 (internal quotation marks and citation omitted).  Gonzalez thus fails to show that the error affected his substantial rights as he must do to meet the plain-error standard.  See id.; United States v. Mares, 402 F.3d 511, 502, 521-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

The judgment of the district court is AFFIRMED.